**ENERGY ACTION EDUCATIONAL FOUNDATION et al., Plaintiffs**

v.

**Cecil D. ANDRUS, Secretary of Interior, et al., Defendants.**

Civ. A. No. 79–1633.

United States District Court, District of Columbia.

June 27, 1979.

Joseph L. Rauh, Jr., John Silard, Judy L. Wolf, Rauh, Silard & Lichtman, Washington, D.C., Jonathan D. Schiller, H. Bartow Farr, III, Rogovin, Stern & Huge, Washington, D.C., for plaintiffs.

E. Edward Bruce, Covington & Burling, Washington, D.C., Charles W. Findlay, III, Bruce C. Rashkow, Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This Court has considered Plaintiffs' Motion for a Preliminary Injunction, the Opposition thereto, the oral arguments of Counsel and the entire record herein. Plaintiffs have failed to make the requisite showing which would justify this Court's granting their request for preliminary injunctive relief. *See WMATA v. Holiday Tours*, 182 U.S.App.D.C. 220, 559 F.2d 841 (D.C.Cir. 1977); *Virginia Petroleum Jobbers Association v. F.P.C.*, 104 U.S.App.D.C. 106, 259 F.2d 921 (D.C.Cir.1958). In particular, Plaintiffs have not shown a likelihood of success on the merits.

■ The Outer Continental Shelf Lands Act requires that the cash bonus-fixed royalty bidding system provided for in 43 U.S.C. § 1337(a)(1)(A) be applied to 40–80% of the acreage offered for leasing, while other alternative bidding systems listed in 43 U.S.C. § 1337(a)(1) be applied to 20–60% of the acreage. 43 U.S.C. § 1337(a)(5)(B). The legislative history of the Act clearly reveals that the Secretary *shall* utilize the

alternative bidding systems so as "to assure that adequate information is obtained as to relative advantages and disadvantages of the various bidding systems . . . ." House Conference Report No. 95–1474, 95th Cong., 2nd Sess. 92 (1978), *reprinted in* [1978] U.S. Code Cong. & Admin.News, pp. 1450, 1674, 1691. Only two of the alternative bidding systems (other than the cash bonus-fixed royalty bidding system) have been employed since the 1978 Amendments to the Outer Continental Shelf Lands Act were enacted. However, the nine month delay in promulgating regulations designed to implement the other alternative bidding systems,[1] although lengthy, is not arbitrary and capricious in light of the complexity and sensitivity involved in preparation of such regulations. *See* H.R.Rep.No.95–1835, 95th Cong., 2nd Sess. 25 (1979).

■ Moreover, Plaintiffs have failed to show that utilization of the cash bonus-fixed bidding system with a 16⅔% fixed royalty violates the purposes underlying the Act, set forth at 43 U.S.C. § 1802. *See* H. Heintz, Jr., Patterns of Bidding, Rates or Return and Ownership for OCS Oil and Gas Leases (Dec. 15, 1978) (Defendants' Exhibit No. 6); U.S. Dept. of Energy, Report to Congress on Various Bidding Options Utilized in FY-78 Lease Sales on the Outer Continental Shelf (Defendants' Exhibit No. 7).

Finally, this Court notes that the 1978 Amendments provide a scheme of Congressional oversight with respect to the use of various bidding options. *See, e. g.*, 43 U.S.C. §§ 1337(a)(8), (9). These Congressional safeguards serve to protect the public interest.

For the reasons discussed above, it is by the Court this 27th day of June, 1979,

ORDERED, that Plaintiffs' Motion for a Preliminary Injunction is hereby DENIED.

---

1. Promulgation of regulations implementing a bidding system is a prerequisite to employment of that system. 43 U.S.C. § 1337(a)(1).